IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERNEST C. PARKER,                    :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :
                                     :    CIVIL ACTION 14-0161-M
CAROLYN W. COLVIN,                   :
Social Security Commissioner,        :
                                     :
    Defendant.                       :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 9). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 13). Oral argument was heard on November 21, 2014 (Doc. 14). Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.

1

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984).

At the time of the administrative hearing, Parker was sixty-three years old, had completed several years of college education (Tr. 45), and had previous work experience as a pulp and paper machine operator (Tr. 56). Plaintiff alleges disability due to substance abuse disorder, diabetes mellitus, hypertension, depression, transient ischemic attack, hearing loss, and prostate cancer with residuals (Doc. 9 Fact Sheet).

The Plaintiff filed an application for disability insurance benefits on February 2, 2010 (Tr. 191-94; *see also* Tr. 20). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Parker could not return to his past relevant work, there were specific medium-exertion jobs which he could perform (Tr. 20-33). Plaintiff requested review of the hearing decision (Tr. 14-16) by the Appeals Council, but it was denied (Tr. 1-5).

Parker claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Plaintiff alleges that: (1) The ALJ improperly determined that some of his impairments

2

were not severe; and (2) the ALJ's residual functional capacity (hereinafter *RFC*) evaluation is incorrect (Doc. 9). Defendant has responded to—and denies—these claims (Doc. 10).

Parker first claims that the ALJ improperly found that several of his impairments were not severe. Plaintiff specifically references his prostate cancer and hearing loss (Doc. 9, pp. 2-5).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2014).[1] The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). It is also noted that, under SSR 96-3p, "evidence about the functionally

---

[1] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

3

limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

In her determination, the ALJ held that Parker had severe impairments, finding, though, that his prostate cancer and sensorineural hearing loss were not among them (Tr. 22-24). With regard to the cancer, the ALJ specifically noted that "the record does not show that this condition caused more than minimal functional limitations for a period of at least twelve continuous months, particularly since his treatment was completed within twelve months of his diagnosis" (Tr. 23). The ALJ then pointed to the medical evidence from which she drew her conclusions (Tr. 23; *cf.* Tr. 281-84, 604, 667-68, 677-69, 695-97, 704-05, 712-13, 736, 757, 773-74). These records show that Parker underwent tissue biopsies on April 5, 2005 and that he had completed radiation therapy by February 8, 2006 (Tr. 604, 773-74). This ten months covers the period during which biopsies were accomplished until therapy was completed.

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2014). Parker's prostate cancer falls

short of this twelve-month requirement.[2]

Parker has further argued, however, that the Veteran's Administration (hereinafter *VA*) awarded him a period of total disability, lasting for nineteen months because of his cancer (Doc. 9, p. 4; Tr. 257-70). The VA later found that Parker was not totally disabled, but, nevertheless, continued a ten percent disability rating for the impairment (Doc. 9, p. 4; Tr. 259-61).

Social Security regulations state as follows:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (2014). The Eleventh Circuit Court of Appeals has acknowledged this principle, though finding that another's agency's findings of disability are entitled to great weight. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (1983).

In her decision, the ALJ acknowledged the VA's findings, but rejected the conclusion that Parker was totally disabled

---

[2]The Court notes that Plaintiff cited to VA records, dated December 15, 2006, stating that Plaintiff had had prostate cancer for ten months at that time (Tr. 902). The Court does not understand what timeline the VA is working from since biopsies were first taken in April 2005 and radiation was considered completed in February 2006, but, in any event, the VA's records do not bind the ALJ's decision, as will be discussed later in this Opinion.

5

(Tr. 23-24). The Court finds substantial support for that conclusion. One reason, the duration of the impairment, has been discussed.

The second—and more important—reason, though, is that although Plaintiff has pointed to evidence showing his diagnosis, treatment, and complaints, he has presented no evidence demonstrating functional limitation because of the cancer. Nowhere in Parker's arguments regarding this claim does he point to medical evidence demonstrating an inability to work because of his cancer (*see* Doc. 9, pp. 2-4). This failure to demonstrate functional limitations forecloses any argument that the ALJ improperly determined that Plaintiff's prostate cancer was a severe impairment.

Likewise, Plaintiff has faulted the ALJ for not finding his hearing loss to be a severe impairment (Doc. 9, pp. 4-5). The Court notes that Parker points to no evidence in the record to support her argument (*id.*).

In her determination, the ALJ specifically found that "[t]he functional limitations caused by the claimant's sensorineural hearing loss have been minimized by a hearing aid" (Tr. 24). The ALJ faithfully summarized the medical history regarding this impairment (*id.*).[3] Again, the Court finds

---

[3] As Parker has pointed to no medical evidence at all, the Court finds it unnecessary to re-summarize what the ALJ has done.

6

substantial evidence to support the ALJ's conclusions with regard to Parker's hearing loss.

In summary, Parker claims that the ALJ improperly found his prostate cancer and hearing loss to be non-severe impairments. Plaintiff's claim lacks merit as he has failed to demonstrate that either impairment met the twelve-month duration requirement or that the impairments impacted his ability to work.

Plaintiff has also claimed that the ALJ's RFC evaluation is incorrect (Doc. 9, pp. 5-8). Parker argues that there is no medical evidence to support the determination.

The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546 (2014). That decision cannot be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, the Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 404.1545(a)(3).

The Court further notes that Social Security Ruling 96-8p states the following:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels

of work, sedentary, light, medium, heavy,
and very heavy.

Social Security Ruling 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *1 at ¶ 4. The Court notes further instructive language from that Ruling stating as follows:

> RFC is an issue only at steps 4 and 5 of the sequential evaluation process. The following are issues regarding the RFC assessment and its use at each of these steps.
> RFC and exertional levels of work. The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.

8

*Id.* at *3.

In her determination, the ALJ found that Parker had the RFC to perform less than a full range of medium work[4] (Tr. 26). The ALJ, specifically, found that Plaintiff

> could not climb ladders, scaffolds, or ropes. He could not work around unprotected heights and dangerous equipment. He needed to avoid complex or detailed job tasks or instructions but could perform short, simple jobs and follow one- to two-step job instructions. He could not work in crowds. He could have no more than occasional contact with the public and was limited to minimal changes in work setting and routines.

(Tr. 26).

After announcing this finding, the ALJ summarized the record evidence, beginning with Parker's testimony concerning his impairments (Tr. 27). The ALJ found that testimony not credible (Tr. 27), a conclusion not challenged by Plaintiff in this action (*see* Doc. 9).

In reviewing the medical evidence, the ALJ found that the transient ischemic attack that Parker suffered had resulted in left mild weakness and hemiparesis (Tr. 27). The ALJ noted only

---

[4]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c) (2014).

9

one instance in the evidence of Plaintiff walking with a cane and that the examinations after that date noted a normal gait (Tr. 27-28). Medical evidence demonstrated that hypertension, diabetes, and depression were controlled by medication and resulted in no limitations (Tr. 28, 30). The ALJ noted Parker's non-compliance with his mental health medications, lending little support for his complaints of limitation (Tr. 28-29); she further noted Plaintiff's failure to follow medical advice to stop imbibing in alcohol and drugs (Tr. 29). After reviewing the medical evidence regarding Plaintiff's physical impairments, the ALJ noted that there was no evidence "from treating or examining physicians indicating that the claimant was disabled or even had limitations greater than those determined in this decision. To the contrary, the medical opinions in the record support the conclusion that the claimant's conditions and related symptoms did not cause disabling limitations" (Tr. 30).

The ALJ then reviewed the psychological record evidence, noting Psychologist Davis's finding that Parker had the ability to "'do simple, routine repetitive type tasks'" (Tr. 31; *cf.* Tr. 303). The ALJ gave great weight to Psychologist Jackson's opinion that Plaintiff could "understand, remember, and carry out short, simple instruction" and "should be limited to infrequent contact with the general public and infrequent changes in the workplace" (Tr. 31).

After summarizing all of the evidence, the ALJ made the following specific findings:

> Based on the claimant's mild left sided weakness, I find that during the relevant period he was limited to lifting and carrying no more than 25 pounds frequently and 50 pounds occasionally. Since evidence of a limp was limited to a singular office note and the medical record does not reflect complaints of difficulty walking or standing, I find that the claimant would have been able to stand or walk, off and on, for a total of approximately six hours in an eight-hour day. Based on his transient ischemic attack, diabetes mellitus, hypertension, and substance abuse, I find the claimant could not climb ladders, scaffolds, or ropes; work at unprotected heights; or work around dangerous equipment. The concentration limitations caused by his depression and substance abuse as evidenced by his descriptions of his concentration precluded him from complex or detailed job tasks or instructions, but he was able to perform short, simple jobs and follow one- to two-step job instructions, as reflected in his daily activities and mental status examination on April 14, 2005. Due to his social limitations, he could not work in crowds; was limited to no more than occasional contact with the public; and was limited to minimal changes in work settings and routines.

(Tr. 31).

The Court finds that the ALJ's decision regarding Parker's RFC is supported by substantial evidence. The ALJ acknowledged that no doctor had expressed an opinion as to Plaintiff's abilities or inabilities, but, nevertheless, set out her reasons

for finding that Parker had certain limitations based on specified impairments (Tr. 31).  Giving credit to the testimony of a Vocational Expert, the ALJ held that Plaintiff was unable to perform his past work but could still perform specified medium-exertion jobs (Tr. 31-33).  Taking into consideration Parker's burden of providing evidence from which the ALJ could make an RFC determination, and the fact that Plaintiff has failed to cite evidence in this Court that disputes her findings or conclusions, the Court finds no merit in this claim.

Parker has raised two claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 24th day of November, 2014.

                                                  s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE